UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SAEED ABDULKADER,

    Petitioner,

v.

STATE OF MINNESOTA,

    Respondent.

Civil No. 11-897 (DWF/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In July 2006, Petitioner pled guilty to a second degree controlled substance offense, and a "terroristic threats" offense, in a criminal action pending against him in the state district court for Hennepin County, Minnesota. Petition, [Docket No. 1], p. 2, §§1-5; see also Abdulkader v. State, No. A08-0736 (Minn.App. 2009), 2009 WL 438187 (unpublished opinion), rev. denied, May 19, 2009. On August 17, 2006, the trial court

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

sentenced Petitioner to 98 months in state prison, (Petition, p. 2, §§ 1, 3), but the sentence was stayed and Petitioner was placed on probation. Abdulkader, 2009 WL 438187 at *1.

Petitioner twice violated the terms of his probation, and after the second violation, his probation was revoked, and he was sent to prison. Id. Thereafter, Petitioner filed a post-conviction motion in the trial court, seeking to withdraw his guilty plea. Id. That motion was not filed, however, until February 2008. Id.

In Petitioner's post-conviction motion, he contended that his guilty plea was invalid, because the trial court had become improperly involved in the negotiations that precipitated the guilty plea. Id.; see also Petition, p. 2, § 11(a)(3). The trial court denied Petitioner's post-conviction motion because (a) there was no improper judicial participation in the plea negotiations, and (b) Petitioner's post-conviction motion was untimely in any event. Petitioner sought appellate review of the trial court's ruling on his post-conviction motion, and the Minnesota Court of Appeals affirmed that ruling for both of the reasons cited by the trial court. Abdulkader, 2009 WL 438187 at **1-4. Petitioner sought further review in the Minnesota Supreme Court, but that request was denied on May 19, 2009.

Petitioner's current habeas corpus petition was filed on April 12, 2011. However, the Eighth Circuit Court of Appeals has held that a pro se habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, the petition was signed on April 10, 2011, so Petitioner obviously did not deliver the petition for mailing before that date. For present purposes, the Court will assume that Petitioner delivered

2

his petition for mailing on the day that he signed it, namely on April 10, 2010, and that will be deemed the filing date for this action.

The current petition lists three grounds for relief:

(1) Petitioner's guilty plea should be vacated, because English is not Petitioner's native language, and he did not have an interpreter at his plea hearing, so he did not understand the terms of his plea agreement;

(2) Petitioner's guilty plea should be vacated because he did not understand the consequences that would occur if he violated the terms of his probation; and

(3) Petitioner was denied his constitutional right to effective assistance of counsel at his probation revocation hearing.

(Petition, pp. 5-6, § 12.)

However, none of Petitioner's current habeas corpus claims can be adjudicated on the merits here, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

            if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)**  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, and Petitioner has not shown that his current claims are based on any new, retroactively applicable, constitutional ruling, or any new and previously undiscoverable evidence that could extend the deadline for seeking federal habeas corpus relief.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." The judgment that effected Petitioner's conviction and sentence was entered on or about August 17, 2006. (Petition, p. 2, § 2.) Because Petitioner did not pursue a direct appeal, that judgment became final, for statute of limitations purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[i]n felony and gross misdemeanor cases,

4

an appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed." Rule 28.02, subd. 4(3)(a).  Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was approximately November 15, 2006, (90 days after the judgment was entered), and the statute of limitations began to run on or about that date.  The deadline for seeking federal habeas corpus relief expired one year later, on or about November 15, 2007.

Petitioner did not file his current petition, however, until April 2011, which was more than three years after the statute of limitations had expired.  Therefore, the current petition is time-barred, unless the statute of limitations was somehow tolled.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding.  The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts.  Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).  However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the federal statute of limitations had already been running for more than a year before he filed his post-conviction motion in the trial court.  See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").  The statute of limitations expired on or about November 15, 2007, and, according to the Minnesota Court of Appeals, Petitioner did not file his state post-conviction motion until February 2008.  Abdulkader, 2009 WL 438187 at *1.  Thus, Petitioner's post-conviction motion could not have tolled the statute

5

of limitations, because the limitations period had already expired before that motion was filed. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, on or about November 15, 2007, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion in February 2008.

Furthermore, even if the statute of limitations did not begin to run in this case until Petitioner's post-conviction proceedings were fully completed on May 19, 2009, when the Minnesota Supreme Court denied Petitioner's request for further review of his post-conviction claims, this case still would be time-barred. If the statute had begun to run at that time, i.e., May 19, 2009, then the one-year limitations period would have expired on May 19, 2010. However, Petitioner did not file his current petition until April

2011. Thus, even if Petitioner's post-conviction proceedings did "reset the clock" and give him a brand new one-year limitations period, (notwithstanding the vast array of federal case law rejecting that proposition), the present petition still would be untimely.[2]

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been

---

[2] Although it clearly appears that Petitioner is challenging the validity of his guilty plea, one of his claims challenges the adequacy of his legal representation at a subsequent probation revocation hearing. (See Petition, p. 6, § 12.C. "Ground Three.") This suggests that Petitioner might be trying to challenge not only his conviction, but also the subsequent revocation of his probation. If that is so, and if Petitioner's probation was revoked less than one year before he filed his state post-conviction motion, then he could perhaps argue that the federal statute of limitations had not yet expired – at least for his challenge to the revocation of his probation – when he filed his post-conviction motion. However, even if Petitioner were to make that argument, the current petition still would be time-barred, because it has been well over a year since anything happened in the state courts. Furthermore, Petitioner's current ineffective assistance of counsel claim is procedurally defaulted in any event, because that claim was never raised in the state courts, and it is too late to do so now. (See n. 3, infra.)

7

diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus review of Petitioner's conviction expired in November 2007. However, Petitioner did not file his current petition until April 2011. Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. However, there was no effective

§ 2244(d)(2) tolling in this case, because Petitioner did not file his state post-conviction motion in the trial court until approximately February 2008, which was after the federal statute of limitations had already expired.  Furthermore, even if the statute of limitations did not begin to run until Petitioner's state post-conviction proceedings were fully completed in May 2009, (or even if the one-year limitation period "started over" at that time), this action still would be time-barred by the one-year statute of limitations, because the current petition was not filed until almost two years after the state post-conviction proceedings were fully completed.  Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.[3]

Having determined that this action must be summarily dismissed pursuant to the applicable one-year statute of limitations, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied

---

[3] Even if this case were not time-barred, it still would have to be summarily dismissed, because none of Petitioner's current claims for relief has been raised and decided in the Minnesota state courts, which means that Petitioner has not exhausted his state court remedies, as required by 28 U.S.C. § 2254(a).  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  Moreover, it is now too late for Petitioner to seek review in the state courts, which means that all of his current habeas corpus claims have been procedurally defaulted.  See id. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims).  Thus, even if this case did not have to be dismissed due to untimeliness, it still would have to be summarily dismissed based on the doctrine of procedural default.

where habeas petition cannot be entertained).

## IV.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3.  This action be **DISMISSED WITH PREJUDICE**; and

    4. Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: April 22, 2011                 s/ *Jeanne J. Graham*
                                           JEANNE J. GRAHAM
                                           United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 9, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.